IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Keith Louis, Jr., also known as Sadiq, ) ) ) Plaintiff, ) ) v. ) ) Tonya James, ) ) Defendant. ) _____ ) | Civil Action No. 1:24-cv-4309-BHH **ORDER** |

Plaintiff Darryl Keith Louis, Jr., ("Plaintiff"), appearing *pro se* and *in forma pauperis*, is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), and he filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Tonya James ("Defendant"), the warden of Kershaw Correctional Institution ("Kershaw"), improperly retaliated against him and his wife by denying them visitation privileges. (ECF No. 40.)

On February 28, 2025, Plaintiff filed a motion for preliminary injunction and motion for temporary restraining order. (ECF No. 58.) On March 10, 2025, Plaintiff filed a motion for sanctions, and on March 24, 2025, Plaintiff filed a motion for summary judgment. (ECF Nos. 63, 67.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 28, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for preliminary injunction and temporary restraining order; deny Plaintiff's motion for summary judgment; and grant in part Plaintiff's motion for sanctions by ordering Defendant to provide

complete responses to Plaintiff's submitted discovery requests. (ECF No. 100.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As an initial matter, Plaintiff does not object to the Magistrate Judge's recommendation that the Court grant in part his motion for sanctions by ordering that Defendant provide complete responses to Plaintiff's discovery requests. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Furthermore, it appears that Defendant has complied with the Magistrate Judge's ruling by filing the

discovery responses on June 23, 2025. (ECF No. 110.)

As to the Magistrate Judge's other recommendations, however, Plaintiff does object. First, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his motion for summary judgment. (ECF No. 109 at 1-3.) Second, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his motion for preliminary injunction and temporary restraining order. (*Id.* at 3-4.)

Plaintiff's Motion for Summary Judgment

In the Report, the Magistrate Judge outlined the evidence of record supporting Plaintiff's claim, including the affidavit evidence and other documents on which Plaintiff relies, and the Magistrate Judge set forth the applicable law. Ultimately, the Magistrate Judge noted that Defendant does not appear to dispute Plaintiff's evidence or contest his claim that visitation privileges were suspended shortly after Plaintiff engaged in protected activity. (ECF No. 100 at 8.) However, noting that Plaintiff offered evidence indicating *both* that Defendant was responsible for the suspension of visitation privileges *and that* Defendant was not the decision-maker concerning the suspension of visitation privileges, the Magistrate Judge found a genuine dispute of fact that precludes summary judgment. (*Id.* at 9.)

In his objections, Plaintiff asserts that the evidence upon which the Magistrate Judge relied in finding a dispute of fact was not cited by Defendant but was instead cited only by the Magistrate Judge. (ECF No. 109 at 2.) Nevertheless, Plaintiff asserts that the evidence, which Plaintiff admits "derives from the defendant," "is so utterly discredited by the record that no reasonable jury should believe her." (*Id.* at 2-3.)

After *de novo* review, the Court is not persuaded by Plaintiff's objections, and the

3

Court agrees with the Magistrate Judge that the record, as it stood at the time of the Magistrate Judge's Report, reflected a genuine dispute of material fact that precluded granting summary judgment in favor of Plaintiff at that time.  Additionally, the Court notes that, since the filing of the Report, both parties have filed additional motions for summary judgment, which are pending before the Magistrate Judge, and any change(s) in circumstances may be addressed in connection with those motions.  (*See* ECF Nos. 115, 118, 121.)

<u>Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order</u>

In the Report, the Magistrate Judge recommended that the Court deny Plaintiff's motion for preliminary injunction and temporary restraining order, explaining that the substantive standard for granting both is the same and finding that Plaintiff failed to demonstrate that he is likely to succeed on the merits of his claim. (ECF No. 100 at 10-11.) Additionally, the Magistrate Judge noted that Plaintiff has been transferred to another SCDC institution where Defendant is not the warden, and Plaintiff does not argue that the harm in this case is ongoing, such that Plaintiff cannot demonstrate that he is likely to be irreparably harmed absent relief.

In his objections, Plaintiff asserts that the fact that he has been transferred to another institution does not change or cease the irreparable harm because his wife is not allowed on any SCDC property.  (ECF No. 109 at 3-4.)

After review, the Court finds Plaintiff's objections unavailing.  As the Magistrate Judge explained, the substantive standard for granting either a preliminary injunction or a temporary restraining order is the same, and a party seeking either must establish: "that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the

absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction under the *Winter* test, a movant must make a 'clear showing' of [the] four requirements." *Alkebulanyahh v. Nettles*, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) ("*Winter* thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Here, after *de novo* review, the Court agrees with the Magistrate Judge that Plaintiff has not made the requisite *clear* showing of the *Winter* factors, and the Court finds that Plaintiff's objections do not alter the Court's analysis. Furthermore, the Court notes that Plaintiff currently has another motion for preliminary injunction and temporary restraining order pending before the Magistrate Judge, and any change(s) in circumstances may be addressed in connection with that motion. (*See* ECF No. 116.)

## **CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 100); the Court overrules Plaintiff's objections (ECF No. 109); the Court grants in part Plaintiff's motion for sanctions (ECF No. 63); and at this time the Court denies Plaintiff's initial motion for preliminary injunction and temporary restraining order and his initial motion for summary judgment (ECF Nos. 58 and 67).

**IT IS SO ORDERED.**

s/Bruce H. Hendricks<br>United States District Judge

August 1, 2025
Charleston, South Carolina